# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL HUSEBY, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-2146 |
| v. | |
| RITE AID OF PENNSYLVANIA, INC., | (JUDGE CAPUTO) |
| Defendant. | |

## MEMORANDUM ORDER

Presently before the Court is the Motion of Defendant, Rite Aid of Pennsylvania, Inc., to Set Aside Default Judgment Pursuant to Either F.R.C.P. 55(c) and/or F.R.C.P. 60(b). (Doc. 8.) Defendant seeks to set aside the entry of default, and to be permitted to file an answer to Plaintiff's Complaint (Doc. 1.) Because only the entry of default has been entered (Doc. 7), not a default judgment, the motion will be considered pursuant to Federal Rule of Civil Procedure 55(c) which states "[t]he court may set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(c). "The Third Circuit does not favor defaults[, and i]f there is any doubt as to whether the default should be set aside, the court should err on the side of setting aside the default and reaching the merits of the case." *Accu-Weather, Inc. v. Reuters, Ltd.*, 779 F.Supp. 801, 802 (M.D. Pa. 1991) (citing *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir.1987)).

"In deciding whether to set aside an entry of default, the district court must consider four factors and make explicit findings as to each. The factors are: (1) whether lifting the default will prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4)

the effectiveness of alternative sanctions." *Accu-Weather*, 779 F.Supp. at 802 (citing *Emcasco Insurance Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir.1987)). Plaintiff argues that Defendant has not made the requisite showing on the second and third factors of this test. As to a prima facie meritorious defense, Defendant's version of events (Statement of Position, Doc. 8) alleges a non-discriminatory justification sufficient to defeat Plaintiff's claim. *Texas Dept. of Cmty. Affairs v. Burdine*, 460 U.S. 248, 254 (1981) (defendant may rebut by producing evidence of a legitimate, non-discriminatory reason). Thus, I find that Defendant has sufficiently stated a prima facie meritorious defense. As to whether Defendant's conduct is excusable neglect, I find that the erroneous stapling of two similar cases together is excusable neglect and does not illustrate bad faith. Additionally, while Plaintiff does not object to the other two factors, I have reviewed Defendant's submission and find that Plaintiff will not be prejudiced by lifting the entry of default before default judgment was entered, and that no sanctions are necessary at this time. Because I find that Defendant has established all four factors, I will grant the motion to set aside the entry of default. Defendant will be given fourteen (14) days to answer or otherwise respond to Plaintiff's Complaint.

**NOW**, this ___1st___ day of June, 2010, **IT IS HEREBY ORDERED** that:

(1) The Motion of Defendant Rite Aid of Pennsylvania, Inc. to Set Aside Default Judgment Pursuant to Either F.R.C.P. 55(c) and/or F.R.C.P. 60(b) (Doc. 8) is **GRANTED**.

(2) Defendant shall answer, respond, or otherwise plead to the allegations in Plaintiff's Complaint (Doc. 1) with **FOURTEEN (14) DAYS** of the date of this order.

    /s/ A. Richard Caputo
    A. Richard Caputo
    United States District Judge